[Civ. No. 5532. First Appellate District, Division Two.—August 20, 1926.]

## ANNA MARIE FRITSCHI, Appellant, v. A. R. FRITSCHI, Respondent.

[1] CLAIM AND DELIVERY—RECOVERY OF BONDS—AGREEMENT FOR WITH-HOLDING—DEDUCTION FROM ESTATE.—In this action by the beneficiary under the will of a deceased person to recover possession of certain bonds claimed by her as distributee of the estate of said deceased, the trial court properly held that defendant, the executor of said estate and the joint beneficiary with plaintiff in the residue thereof, was entitled to retain said bonds by virtue of a certain writing executed and delivered by plaintiff prior to the entry of the decree of distribution and wherein she authorized defendant to deduct from her share of the estate a sum of money equaling the amount of said bonds.

[2] ID.—FRAUD—UNDUE INFLUENCE — EVIDENCE — FINDINGS.—In such action, the trial court did not commit error prejudicial to plaintiff in failing to find on the issues of fraud and undue influence, where all the evidence would have required a finding adverse to plaintiff on those issues, she having failed to prove any fraud, and her claim of undue influence having been predicated upon the alleged relation of executor and beneficiary under the will, but the entire transaction having been completed before that relation arose.

[3] ID.—WRITTEN AUTHORIZATION—CONSIDERATION—PRESUMPTION—APPEAL.—The authorization from plaintiff to defendant to deduct the amount in question having been in writing, thus giving rise to a presumption of consideration, and the trial court having found that the authorization was supported by a valid consideration, such finding was conclusive on appeal.

2.   See 24 Cal. Jur. 945.
3.   See 6 Cal. Jur. 200.

[4] ID. — DECREE OF DISTRIBUTION — VALIDITY OF AGREEMENT — JUDG-
MENT.—Where the decree of distribution directed that the residue
of the estate be distributed equally between plaintiff and defend-
ant, but did not adjudicate the validity of the writing or of
the agreement authorizing defendant to deduct the sum in ques-
tion from plaintiff's distributive share of the estate, said de-
cree was not a bar to defendant's claim of right to deduct said
sum.

(1) 18 C. J., p. 888, n. 92.    (2) 18 C. J., p. 888, n. 92.    (3) 4
C. J., p. 876, n. 78.    (4) 34 C. J., p. 932, n. 29, p. 935, n. 30, p. 944,
n. 82.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco. E. P. Shortall,
Judge. Affirmed.

The facts are stated in the opinion of the court.

Fitzgerald, Abbott & Beardsley for Appellant.

J. R. Pringle for Respondent.

NOURSE, J.—Plaintiff sued to recover four bonds of
the par value of $4,000 to which she claimed to be entitled
as distributee in the estate of Alfred R. Fritschi, deceased.
Plaintiff and defendant were sister and brother and the
deceased was their uncle. On October 3, 1918, the uncle
executed and recorded a deed conveying the home property
in Piedmont and a bill of sale transferred the household
furniture and the personal property to the plaintiff.
These documents were not delivered to the plaintiff, but
they, as well as the personal property, remained exclu-
sively in the possession of the uncle until after his death.
By the terms of his last will the uncle provided that the
entire residue of his estate should go to the plaintiff and
defendant, share and share alike, "including any interest
that I may have in certain real and personal properties
as conveyed by me by deed and bill of sale to the herein-
above named Anna Marie Fritschi of Piedmont, Alameda
County, California, under date of October 3, 1918."

Upon the death of the uncle the plaintiff took possession
of the home, the household furniture and other personal

property, including an automobile, all of which she claimed had been given her by the uncle. A short time thereafter the defendant called her attention to the foregoing provision of the will and informed her that he had been advised by counsel that because there had been no delivery to her of the deed or of the personal property in the lifetime of the uncle it would be necessary for the executor to claim the property as a part of the estate, and that, as he had been named executor by the will, he would be compelled to take legal proceedings against her if she resisted the claim. The plaintiff sought the advice of another brother, U. A. Fritschi, who was not interested in the residue of the estate, and upon his advice executed and delivered to the defendant a paper reading as follows: "Nov. 15, 1921. To Alfred R. Fritschi, as executor of the estate of A. R. Fritschi, you are authorized to deduct from my share of the estate ($4,000). Four thousand dollars. (Signed) A. M. Fritschi Witness: U. A. Fritschi." The sum of $4,000 mentioned in the paper was one-half the value which the parties then agreed should be placed upon the home property and furnishings. As consideration for the paper the defendant agreed to assume the duties of executor of the estate and to waive all claim to this property on the part of the estate, as well as the claim to the automobile, jewelry and a certain life insurance policy in the sum of $2,500. This agreement was performed in all respects by the defendant, but the plaintiff, on May 5, 1922, pretended to rescind the paper of November 15, 1921, without, however, offering to restore any consideration which may have passed to her.

On December 20, 1922, after due proceedings had in the estate, a decree of final distribution was entered wherein, after certain special bequests were covered, all the residue of the estate was distributed equally between the plaintiff and defendant herein. This residue consisted of $100,000 in bonds and securities, of which the defendant delivered to the plaintiff $46,000, retaining from her share the four bonds in suit.

After the estate was thus closed and without restoring or offering to restore to the defendant individually or to the estate any portion of the consideration which she had

obtained, the plaintiff commenced this action to recover the four bonds on a complaint which pleaded the facts of the probate proceedings and alleged that the defendant claimed the bonds as his own and refused to deliver them to the plaintiff. The defendant answered, setting up the writing of November 15, 1921, in justification of his claim to the bonds. The cause was tried before the court sitting without a jury and resulted in findings and a judgment in favor of the defendant.

[1] The statement of the case should be sufficient in itself to sustain the judgment. This is so manifestly just and proper that any discussion of the points raised by the appellant would seem to be of no advantage to either party. [2] The appellant claims fraud, but she failed to prove any. All she proved was that her two brothers urged her to accept the settlement to avoid expensive and embarrassing litigation. She claims undue influence because of the relation of executor and beneficiary under the will, but the entire transaction was completed before this relation arose. She complains that the court failed to find specifically upon the issues of fraud and undue influence, but she fails to show any prejudice because all the evidence would have required a finding adverse to her on both issues. [3] She claims that the writing was not supported by a valid consideration, but the trial court held that it was, and, in view of the presumption arising from the writing itself, we may not disturb this finding. (*Keating* v. *Morrissey*, 6 Cal. App. 163, 169 [91 Pac. 677].) She claims that the writing was rescinded and annulled, but the writing was merely a memorandum providing a simple method for enforcing the obligation of an oral agreement which was neither rescinded nor annulled. This agreement was fully performed by the respondent and the benefits were received and retained by the appellant. A reversal of this judgment would merely demand further litigation on the part of the respondent to reach the same end. [4] She claims that the decree of distribution is a conclusive bar to respondent's claim, but this decree did not adjudicate the validity of the writing or of the agreement. It merely distributed to both parties all the residue of the estate, eliminating therefrom, in accordance with the terms

of the agreement of the parties, all the property, both real and personal, claimed by the appellant.

We find no prejudicial error in the record.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on September 14, 1926, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 18, 1926.